INTERNATIONAL WORSTED MILLS, Respondent, *v.* PRIESTLEYS, LIMITED, Appellant. (Action No. 6.)

First Department, June 2, 1922.

**References — compulsory reference improper in an action for breach of contract of sale by buyer.**

In an action based on a breach of contract of sale by a buyer on the ground that it repudiated the contract as to a portion of the goods purchased, in which the plaintiff demands damages for loss of profits and loss on material prepared to fulfill the contract, a compulsory reference should not be granted on the application of the plaintiff, for the complaint does not set up a cause of action involving an examination of a long account or any other cause entitling the plaintiff to the reference.

APPEAL by the defendant, Priestleys, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1922, appointing a referee to hear and determine the issues.

*Spencer, Ordway & Wierum* [*Otto C. Wierum* of counsel], for the appellant.

*Myers & Goldsmith* [*Emanuel J. Myers* of counsel], for the respondent.

SMITH, J.:

The complaint sets out six causes of action for damages for breach of contracts. Only one cause of action is set out in the printed papers and alleges that the defendant being under obligation to purchase 500 pieces of goods and to seasonably furnish specifications, did so as to 484 pieces, but failed to do so as to 16 pieces, and repudiated the contract as to the 16 pieces to plaintiff's damage in loss of profits of $439.89 and $1,098 loss on material already prepared to fulfill the contract.

This cause of action does not set up or involve the examination of a long account or any other cause entitling plaintiff to the order appealed from.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.